Barbato v Giacin (2020 NY Slip Op 06843)





Barbato v Giacin


2020 NY Slip Op 06843


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 159808/17 Appeal No. 12444 Case No. 2020-00117 

[*1]Kristin Barbato, Plaintiff-Respondent,
v
James Giacin et al., Defendants-Appellants.


Mintz & Gold LLP, New York (Terence William McCormick of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York (Matthew J. Benjamin of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 18, 2019, which, insofar as appealed as limited by the briefs, denied defendants' motion to dismiss the complaint for lack of personal jurisdiction or in the alternative to dismiss plaintiff's causes of action for intentional infliction of emotional distress and prima facie tort for failure to state a claim, unanimously reversed, on the law, without costs, to dismiss the complaint as against defendant Melinda (Mindy) Berry Giacin (the wife) for lack of personal jurisdiction, and to dismiss the causes of action for intentional infliction of emotional distress and prima facie tort as against James Giacin (the husband) for failure to state a claim. The Clerk is directed to enter [*2]judgment dismissing the complaint.
Plaintiff alleges that defendants, who are domiciled in Missouri, engaged in a relentless campaign of harassment and stalking against her wherein, among other things, the husband repeatedly made unwelcome and inappropriate entreaties to her and the wife falsely and publicly accused her, via social media, of having a sexual relationship with her husband. The Supreme Court correctly determined that plaintiff established personal jurisdiction over the husband under CPLR 302(a)(2). However, the complaint does not establish personal jurisdiction over the wife. As defendants persuasively argue, there is no basis to infer that the husband's actions toward plaintiff in New York benefitted the wife or that the husband acted in New York at the behest of his wife (see CPLR 302[a][2]; Lawati v Montaque Morgan Slade Ltd., 102 AD3d 427, 428 [1st Dept 2013]). Further, the record does not support an inference that the wife regularly transacted business in New York or derived substantial revenue from interstate or international commerce during the relevant time period (see CPLR 302[a][3]).
The complaint does not state causes of action against the husband for intentional infliction of emotional distress or prima facie tort. The actions taken by the husband as alleged in the complaint do not amount to the sort of extreme and outrageous conduct needed to support a cause of action for intentional infliction of emotional distress (see Chanko v American Broadcasting Cos., Inc., 27 NY3d 46, 56-57 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020